CURRAN *v.* GALEN, as President, etc., et al.

(Supreme Court—Special Term, Monroe County, February, 1893.)

In an action for conspiracy it appeared that the defendants represented certain labor organizations in the city of R., and that plaintiff was in the employ of a brewing company which was a member of the Ale Brewers' Association of that city. There was an agreement between the latter and the local assembly, of which defendant G. was president, that no brewery belonging to the association was to employ any person not a member of defendants' organization nor to retain in its employ any person who declined to join same. Plaintiff was not a member of the local assembly, and upon being solicited to join the same, declined. Defendants thereupon notified his employers of the fact and he was discharged from its employ. These facts were set forth at length in defendants' answer, coupled with the allegation that their acts were without any intent or purpose to injure plaintiff. Plaintiff demurred to that part of the answer. *Held*, that the means employed by defend-

ants to accomplish the objects of their organization not only contra-
vened one of the fundamental principles of our free institutions, but it
likewise violated the spirit if not the letter of section 171a of the Penal
Code; that the said facts set forth in the answer by way of defense to
plaintiff's cause of action, constituted an unlawful act and are demurrable.

DEMURRER to the second count of defendants' answer.

*A. G. Warren*, for plaintiff.

*D. C. Feeley*, for defendants.

ADAMS, J. The complaint in this action charges the
defendants with conspiring to injure plaintiff in his business
and character and to prevent his obtaining employment.

The defendants represent certain labor organizations in the
city of Rochester. The plaintiff was in the employ of the
Miller Brewing Company of the same city, and this company
was a member of the Ale Brewers' Association. An agree-
ment was entered into between the latter association and the
local assembly, of which the defendant Galen was president,
by the terms of which no brewery belonging to the association
was to employ any person not a member of defendants' organ-
ization, nor to retain in its employ for a longer period than
four weeks any person who declined to join such organization.

The plaintiff was not a member of the local assembly, and
upon being solicited to join the same, declined so to do. The
defendants thereupon notified the Miller Brewing Company
of this fact and plaintiff was at once discharged from its
employ. These facts constitute the conspiracy charged in the
complaint, and they are likewise set forth at length in that
portion of the answer demurred to, coupled with the allega-
tion that defendants' acts were without any intent or purpose
to injure the plaintiff. The sole question presented, there-
fore, is whether the defendants in what they did were acting
lawfully. If they were, of course no charge of conspiracy
will lie against them.

It appears that the defendant, " The Brewery Working-
men's Local Assembly 1796, Knights of Labor," is one of the

various labor organizations of the country. Its members are workingmen who have associated themselves together, ostensibly for co-operation and self-protection. In doing this they have violated no law, and so long as they have no unlawful object in view, the legality of their organization cannot be questioned. For instance, the members of this local assembly may attempt, by co-operation, to increase their wages, and, to that end, may agree that they will work only for a certain price or upon certain conditions, provided those conditions are lawful. *Carew* v. *Rutherford,* 106 Mass. 1, 14. But it has been held that co-operative effort, while lawful within certain limits, ceases to be so when coercion is employed to control the freedom of the individual in disposing of his labor or capital (*Snow* v. *Wheeler,* 113 Mass. 179), and it seems to me that this is just where the defendants herein have overstepped the boundary line. Not satisfied with becoming members themselves of Local Assembly 1796, they have insisted that as a condition of retaining his position in the employ of the Miller Brewing Company, the plaintiff shall also join their organization, and upon his refusing to comply with their demand he has, by their direction, been deprived of his position and of the opportunity which it afforded him to earn a living. This looks very much like unlawful coercion or, what amounts to the same thing, conspiracy.

The defendants had a perfect right, as we have seen, to unite with this or any other labor organization, but they had no right to insist that others should do so, and when they make plaintiff's refusal to join it a pretext for depriving him of his right to labor, they interfere with his personal liberty in a manner and to an extent the law will not countenance, and their action instead of affording a protection to, operates as a restraint upon honest labor.

There is a statute in force in this state which makes it a misdemeanor for an employer to require as a condition of a person's entering or remaining in his employ, that he shall *not* become a member of any labor organization. Penal Code, § 171a.

The object of this enactment was, doubtless, to prevent what the legislature regarded as an improper interference by employers with the rights of their employees, and if it is made illegal for the former to coerce the latter, it is difficult to see why it should not be equally unlawful for one employee to attempt to influence another's action by the same means.

In passing upon a question somewhat similar to the one under consideration, which arose in the state of Massachusetts, SHAW, Ch. J., declares that " the legality of such an organization will depend upon the means to be used for the accomplishment of its objects and whether they be innocent or otherwise." *Commonwealth* v. *Hunt*, 4 Metc. 111–134.

It has been shown, I think, that one of the means employed by the defendants to accomplish the objects of their organization, and the one complained of, not only contravenes one of the fundamental principles of our free institutions, but it likewise violates the spirit if not the letter of a statute of this state. It follows, therefore, that the facts set forth in the second count of the answer herein by way of defense to plaintiff's cause of action, constitute an unlawful act, and the demurrer must consequently be sustained.

Demurrer sustained.